UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION,<br>1333 H Street NW<br>Washington, DC 20005,<br><br>*Plaintiff*,<br><br>v.<br><br>CONSUMER FINANCIAL PROTECTION<br>    BUREAU,<br>1700 G Street NW<br>Washington, DC 20552,<br><br>*Defendant*. | Civil Action No. _____ |

**COMPLAINT**

1. Plaintiff Democracy Forward Foundation brings this action against Defendant the Consumer Financial Protection Bureau ("CFPB") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 (the "FOIA"). Defendant has failed to sufficiently respond to Plaintiff's two FOIA requests for records that relate to the American Consumer Financial Innovation Network ("ACFIN") and any other efforts the agency may have made to encourage states to reduce consumer protections. Plaintiff therefore respectfully requests that the Court compel Defendant to comply with the FOIA.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

## PARTIES

4.     Plaintiff Democracy Forward Foundation is a not-for-profit organization incorporated under the laws of the District of Columbia, and based in Washington, D.C. Plaintiff works to promote transparency and accountability in government, in part by educating the public on government actions and policies.

5.     Defendant CFPB is a federal agency within the meaning of the FOIA, *see* 5 U.S.C. § 552(f)(1), that is headquartered in Washington, D.C. CFPB has possession, custody, and control of records to which Plaintiff seeks access.

## FACTUAL ALLEGATIONS

Plaintiff's October 9, 2019 FOIA Request

6.     On October 9, 2019, Plaintiff sent the first of two FOIA requests to CFPB requesting the following records related to ACFIN:

1. All communications related to ACFIN between (1) Kathy Kraninger, Paul Watkins, or the CFPB Office of Innovation and (2) a state Attorney General or financial regulator.
2. All records related to voting by members of ACFIN, including but not limited to proposed votes, votes taken, recorded votes, and vote breakdown.
3. All records of past and future ACFIN meetings, including dates, times, places, communication methods, participation, or attendance.
4. All minutes, transcripts, recordings, notes, readouts, or other records that reveal the contents of ACFIN meetings.
5. All records, reports, transcripts, minutes, appendixes, working papers, drafts, studies, agenda, or other documents which were made available to or prepared for or by ACFIN.

Ex. A at 1.

7.     Plaintiff specified that the date range for this request is June 1, 2019 until the search for responsive documents is complete. *Id.*

8.     Plaintiff sought a waiver of search and duplicating fees under 5 U.S.C. § 552(a)(4)(A)(iii), which requires a fee waiver if the disclosure is "in the public interest because

it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *See* Ex. A at 2-6.

9. By letter dated October 10, 2019, CFPB acknowledged having received Plaintiff's October 9, 2019 FOIA request, and having assigned it number CFPB-2020-0008-F. Ex. B.

10. As of the date of this Complaint, CFPB has failed to inform Plaintiff whether it will comply with the FOIA requests, produce all requested records, or demonstrate that it is lawfully exempt from production. Nor has CFPB notified Plaintiff of the scope of any responsive records the agency intends to produce or withhold, and the reasons for any withholdings, or informed Plaintiff that it may appeal any adequately specific, adverse determination.

11. Because CFPB has "fail[ed] to comply with the applicable time limit provisions" of the FOIA, Plaintiff is "deemed to have exhausted [its] administrative remedies." 5 U.S.C. § 552(a)(6)(C)(i).

<u>Plaintiff's October 23, 2019 FOIA Request</u>

12. On October 23, 2019, Plaintiff sent a second FOIA request to CFPB requesting the following records relating to the agency's efforts to encourage states to reduce consumer protections:

> 1. All communications related to an application under either the no-action letter, compliance assistance sandbox, or trial disclosure sandbox policy whose sender and/or recipient fields include a state Attorney General or financial regulator including staff or employees.
> 2. All records related to the participation by companies, their representatives, or other non-governmental entities in meetings or work of the American Consumer Financial Innovation Network.

Ex. C at 1.

13. Plaintiff specified that the date range for this request is June 1, 2019 until the search for responsive documents is complete. *Id.*

3

14. Plaintiff sought a waiver of search and duplicating fees under 5 U.S.C. § 552(a)(4)(A)(iii), which requires a fee waiver if the disclosure is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *See* Ex. C at 2-6.

15. By letter dated October 23, 2019, CFPB acknowledged having received Plaintiff's October 23, 2019 FOIA request, and having assigned it number CFPB-2020-0022-F. Ex. D. The October 23, 2019 letter notified Plaintiff that it has "invoke[d] a 10-day extension" to the statutorily prescribed time-limits "[d]ue to the need of consulting with two or more agency components[.]" *Id.* at 1.

16. As of the date of this Complaint, CFPB has failed to inform Plaintiff whether it will comply with the FOIA requests, produce all requested records, or demonstrate that it is lawfully exempt from production. Nor has CFPB notified Plaintiff of the scope of any responsive records the agency intends to produce or withhold, and the reasons for any withholdings, or informed Plaintiff that it may appeal any adequately specific, adverse determination.

17. Because CFPB has "fail[ed] to comply with the applicable time limit provisions" of the FOIA, even with the benefit of any extensions of time that CFPB might have claimed, Plaintiff is "deemed to have exhausted [its] administrative remedies." 5 U.S.C. § 552(a)(6)(C)(i).

<u>**CLAIMS FOR RELIEF**</u>

**Count One (Violation of the FOIA, 5 U.S.C. § 552, October 9, 2019 FOIA Request)**

18. Plaintiff repeats and incorporates by reference the foregoing paragraphs as if fully set forth herein.

19. By failing to respond to Plaintiff's October 9, 2019 request within the statutorily prescribed time limit, Defendant has violated its duties under the 5 U.S.C. § 552, including, but

not limited to, its duties to conduct a reasonable search for responsive records, and to produce all responsive, reasonably segregable, non-exempt information.

20. Plaintiff is being irreparably harmed by Defendant's violation of the FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the FOIA.

**Count Two (Violation of the FOIA, 5 U.S.C. § 552, October 23, 2019 FOIA Request)**

21. Plaintiff repeats and incorporates by reference the foregoing paragraphs as if fully set forth herein.

22. By failing to respond to Plaintiff's October 23, 2019 request within the statutorily prescribed time limit, Defendant has violated its duties under the 5 U.S.C. § 552, including, but not limited to, its duties to conduct a reasonable search for responsive records, and to produce all responsive, reasonably segregable, non-exempt information.

23. Plaintiff is being irreparably harmed by Defendant's violation of the FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the FOIA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests;

2. order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3. enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests;

4. order Defendant to grant Plaintiff's request for a fee waiver;

5. grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. grant any other relief this Court deems appropriate.

Dated: January 24, 2020                     Respectfully submitted,

                                                     */s Kristen P. Miller*
Kristen P. Miller (D.C. Bar No. 229627)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kmiller@democracyforward.org

*Attorney for Plaintiff*